Benjamin Schwartz, Doing Business and Trading under the Name of " Kramer & Co.," Appellant, *v.* The State Bank, Respondent.

(Supreme Court, Appellate Term, May, 1909.)

Banking — Deposits — Repayment of deposits and to whom bank liable therefor — To whom banks liable for deposits — Deposits credited to wrong person — Depositor's negligence — Contributory negligence of bank.

> Where one, depositing moneys in a bank, by mistake makes out a deposit slip in another's name, but the deposit is entered in his own book, which he delivers to the teller with the moneys for the purpose of making such entry, such error does not constitute a defense to an action by the depositor to recover the deposit.

Appeal by the plaintiff from a judgment in favor of the defendant rendered in the Municipal Court of the city of New York, first district, borough of Manhattan, after a trial before the court without a jury.

Jacob S. Strahl, for appellant.

Feltenstein & Rosenstein (Moses Feltenstein, of counsel), for respondent.

*Per Curiam.* The plaintiff sued to recover the amount of a deposit of $221.30. The bank admitted that the deposit was made and credited in the plaintiff's bank-book. It seems that the deposit slip, however, containing a memorandum of the eight checks which constituted the deposit, was made out erroneously in the name of one Hamerman and that, for that reason, Hamerman received credit on the books of the bank for that amount. The receiving teller testified that he looked neither at the checks presented nor their indorsements, but simply added up the amounts of the checks on the deposit slip and credited the same on a bank-book which was handed to him at the same time, without looking at the name on the

bank-book. If this is true, it was certainly careless and irresponsible banking. The deposit slip is made out for the convenience of the bank and not the depositor. Admitting that the depositor made a mistake on the slip, which the record does not explain, it is not the less true that the bank gave him credit on his pass-book for the amount of the deposit slip. Unquestionably the greater error and the worse mistake was with the bank. If a depositor can come in with a deposit slip inadvertently made out — and this one was on a printed form, which had the name of the alleged depositor printed on it — and give to the bank eight checks made out to his order and indorsed to the bank; and then the receiving teller can simply add up the totals of the checks, to see if they conform with the totals of the deposit slip, and enter the same on any bank-book which is pushed through the window at the same time, without looking to see who owns the bank-book, and hold that forever afterward the deposit slip is the only record to bind the bank, the quicker such a system is ended the better. The receiving teller was undoubtedly extremely careless, and his mistake was greater than the inadvertence of the use of a deposit slip which was not correct. It may be said that the plaintiff must have recourse to a court of equity. The answer is that he is suing on the contract evidenced by the receipt of his deposit in his bank-book. It is the bank that is asserting an equitable defense, based as much upon its own mistake as upon the plaintiff's.

The judgment must be reversed and judgment ordered for plaintiff, with costs of this appeal.

Present: GILDERSLEEVE, DAYTON and GOFF, JJ.

Judgment reversed and judgment ordered for plaintiff, with costs of this appeal.